IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-cv-208

| | |
|---|---|
| MEINEKE FRANCHISOR SPV LLC, as successor-in-interest to MEINEKE CAR CARE CENTERS, INC., <br><br> Petitioner <br><br> vs. <br><br> ELLEN M. BRANNON and BLUE COLLAR AUTO SERVICE, LLC, an Indiana Limited Liability Company, <br><br> Respondents. | **FINAL JUDGMENT AND ORDER CONFIRMING <u>ARBITRATION AWARD</u>** |

This cause is before the Court upon Petitioner Meineke Franchisor SPV LLC ("Meineke") as successor-in-interest to Meineke Car Care Centers, Inc.'s Petition to Confirm Final Arbitration Award (ECF No. 1) (the "Petition") and Meineke's Motion for Default Final Judgment (ECF No. 8) and corresponding Memorandum of Law in Support of Motion for Default Final Judgment (ECF No. 8-1) (together, the "Motion"). The Court having carefully considered the Petition and the Motion and being otherwise fully advised in the premises, the Court finds as follows:

1. The Court has jurisdiction of this cause and of all parties before it.

2. Petitioner Meineke Franchisor SPV LLC, as successor-in-interest to Meineke Car Care Centers, Inc.'s principal place of business is located at 440 South Church Steet, Suite 700, Charlotte, North Carolina 28202.

3. Respondent Ellen M. Brannon's last known address is 712 South Silverwood Road, Muncie, Indiana 47304.

4. Respondent Blue Collar Auto Service, LLC's last known principal place of business is located at 1303 West McGalliard Road, Muncie, Indiana 47303.

5. On April 13, 2023, Meineke initiated this action by filing the Petition seeking to confirm an arbitration award entered in an American Arbitration Association action between the parties. (ECF No. 1).

6. Respondents Ellen M. Brannon and Blue Collar Auto Service, LLC (together "Respondents") were served with process in this matter on April 18, 2023 (ECF Nos. 4 and 5).

7. Respondents' responses to the Complaint were due on or before May 9, 2023.

8. Meineke moved for entry of a Clerk's Default on June 28, 2023. (ECF No. 6).

9. The Clerk entered default against all Respondents on June 29, 2023. (ECF No. 7).

10. Meineke filed the Motion on August 31, 2023 petitioning the Court to enter an order and default final judgment confirming the May 24, 2022 Final Award of Arbitrator. (ECF No. 8).

11. To date, Respondents have failed to file a responsive pleading in this action or otherwise take any steps to defend this action.

12. Upon default, the well-pled allegations of the Petition are admitted as true. Fed. R. Civ. P. 8(b)(6).

13. Upon default, if the damages are for a sum certain, the clerk "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

14. The clerk may so issue such judgment upon request by the plaintiff with "an affidavit showing the amount due." *Id.*

15. Otherwise, the Court must make an independent determination regarding damages and in doing so, may rely on affidavits and documentary evidence to determine the sum certain without need for an evidentiary hearing. Fed R. Civ. P. 55(b)(2); *Atl. Broadband Fin., LLC v. Equinox Glob. Telecommunications, Inc.*, No. 316CV00028RJCDSC, 2018 WL 1015534, at *4 (W.D.N.C. Feb. 22, 2018); *Brown v. Prime Star Group, Inc.*, No. 3:12–cv–165–RJC–DCK, 2013 WL 3466883, at *6 (W.D.N.C. July 10, 2013).

16. Here, the Court finds that the allegations of the Petition are well-pled and admitted as true and that the damages are for a sum certain.

17. On October 29, 2021, Meineke filed a Demand for Arbitration and Statement of Claim with the American Arbitration Association (the "AAA"), Case Number 01-21-0017-1344 (the "Arbitration").

18. Respondents received proper notice of the Arbitration and failed to timely appear or respond to Meineke's claim in the Arbitration. (ECF No. 1 ¶ 13).

19. On January 14, 2022, Steven T. Aceto, Esq. (the "Arbitrator") was appointed as the Arbitrator over the action. (ECF No. 1, Ex. B).

20. Upon leave granted by the Arbitrator, Meineke submitted a Motion for Summary Final Award with accompanying evidence on April 22, 2022. (ECF No. 1 ¶ 15).

21. Upon review of the Motion for Summary Final Award, the evidence submitted by Meineke, and confirmation of proper and timely notice to Respondents, the Arbitrator issued the May 24, 2022 Final Award of the Arbitrator. (ECF No. 1 ¶ 16; ECF No. 8-2).

22. The Arbitrator awarded Meineke for its claims against Respondents, jointly and severally, the amount of One Hundred Fifty-Six Thousand Four Hundred Four and 22/100 Dollars ($156,404.22) (the "Award Amount"), which consists of $134,976.04 in past due

payments owed to Meineke, $7,498.00 in prejudgment interest, $9,735.50 in attorneys' fees, $319.68 in expenses, and $3,875.00 in arbitration costs.

23. The parties have consented in Section 17.2 of the parties' applicable franchise agreement that a "judgment upon the award may be entered in any court of competent jurisdiction" as required under the Federal Arbitration Act, 9 U.S.C § 1, et seq. (the "FAA"). (ECF No. 1, Ex. A).

24. The FAA provides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9.

25. Upon the application of such an award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.*;

26. "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998) (citation omitted).

27. However, an arbitration award may only be vacated, modified, or corrected only "upon the application of any party to the arbitration." 9 U.S.C. §§ 10,11.

28. Meineke applied to the Court for an order confirming the Arbitration Award within one year after the award was made. 9 U.S.C. § 9.

29. Respondents have made no attempt to vacate, modify, and/or correct the May 24, 2022 Final Award of Arbitrator and have failed to otherwise appear and/or defend this

action.

30. Therefore, the Court finds that Meineke is entitled to a final judgment and confirmation of the May 24, 2022 Final Award of Arbitrator.

IT IS HEREBY **ORDERED AND ADJUDGED** that the Petition and Motion are **GRANTED**.

IT IS FURTHER **ORDERED AND ADJUGED** that judgment is hereby entered against Respondents ELLEN M. BRANNON and BLUE COLLAR AUTO SERVICE, LLC, jointly and severally, for the following:

(a) The Award Amount of $156,404.22 for which let execution issue forthwith;

(b) Post-judgment interest at the rate of 5.37% per annum until the judgment is satisfied for which let execution issue forthwith;

(c) Taxable costs upon the timely filing of a bill of costs within thirty (30) days after the expiration of time allowed for an appeal of this final judgment; and

(d) Reasonable attorneys' fees together with nontaxable expenses in an amount to be determined upon the timely filing of an applicable motion.

**IT IS SO ORDERED.**

Signed: October 2, 2023

Graham C. Mullen
United States District Judge